BENJAMIN GRIFFEY AND ARID PARDEE, RESPONDENTS, *v.* THE NEW YORK CENTRAL INSURANCE COMPANY, APPELLANT.

*Policy of insurance — prohibition against its assignment by the holder — when such prohibition does not include its assignment as a collateral security.*

MOTION by the defendant for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a verdict rendered in favor of the plaintiffs.

The action was brought on a policy of fire insurance for $1,500.

The court at General Term said: "The only other question arises upon a provision of the policy that 'if this policy shall be assigned before a loss, without the consent of the company indorsed thereon, * * * the policy shall be void.' The plaintiffs transferred the policy in suit, with others, amounting in all to $16,000, to the

Lewisburgh National Bank as collateral security for claims held by said bank against the plaintiffs. It will be observed that the policy does not prohibit a transfer of the policy, or *any interest* therein; in other words, the condition is aimed only at a transfer which deprives the assumed of *all* interest in the policy. The assignment in this case merely created a lien for the security of a debt, and the entire interest remained in the assignors, subject to the lien or pledge. We are inclined to think that the prohibition should be construed strictly, and that it does not apply to a mere pledge of the policy. (See *Lazarus* v. *Commonwealth Ins. Co.*, 5 Pick., 80; *Ellis* v. *Krentzwan*, 27 Mo., 311; *Washington Fire Ins. Co.* v. *Kelly*, 32 Md., 421; S. C., 5 Bennett's Fire Ins. Cases, 302; Wood on Insurance, § 339.)"

*Reynolds & Collin*, for the plaintiffs.

*W. E. Hughitt*, for the defendant.

Opinion by SMITH, P. J.; HARDIN and HAIGHT, JJ., concurred.

New trial denied and judgment ordered for plaintiffs on the verdict.